1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10   KEYWANIE S. BRIDGEWATER,           CASE NO. C23-1599JLR

11                        Plaintiff,    ORDER

12           v.

13   JANIO MOLIER, et al.,

14                        Defendants.

15     Before the court are (1) *pro se* Plaintiff Keywanie Bridgewater's amended

16   complaint against Defendants Janio Molier, Dawn Parks, Sound Generation, and PSLA

17   Food Bank ("Defendants") (Am. Compl. (Dkt. # 6)), and (2) Magistrate Judge Brian A.

18   Tsuchuda's order granting Ms. Bridgewater's application to proceed *in forma pauperis*

19   ("IFP") and recommending that the court review the complaint pursuant to 28 U.S.C.

20   § 1915(e)(2)(B) (IFP Order (Dkt. # 7)).  Under 28 U.S.C. § 1915(e)(2), district courts

21   have authority to review IFP complaints and must dismiss them if "at any time" the court

22   determines that a complaint fails to state a claim on which relief may be granted.  28

1   U.S.C. § 1915(e)(2)(B)(ii); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000)

2   (clarifying that § 1915(e) applies to all IFP proceedings, not just those filed by prisoners).

3   The court has considered Ms. Bridgewater's complaint and determined that the

4   allegations therein fail to state a claim upon which relief can be granted.  Accordingly,

5   the court DISMISSES Ms. Bridgewater's claims without prejudice and with leave to

6   amend.

7          Because Ms. Bridgewater is a *pro se* plaintiff, the court must construe her

8   pleadings liberally.  *See McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992).

9   Nonetheless, dismissal is proper when there is either a "lack of a cognizable legal theory

10  or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v.*

11  *Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  The complaint must contain

12  factual allegations sufficient "to raise a right to relief above the speculative level." *Bell*

13  *Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Although the pleading standard

14  announced by Federal Rule of Civil Procedure 8 does not require "detailed factual

15  allegations," it demands more than "an unadorned, the-defendant-unlawfully-harmed-me

16  accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at

17  555) (requiring the plaintiff to "plead[] factual content that allows the court to draw the

18  reasonable inference that the defendant is liable for the misconduct alleged"); *see* Fed. R.

19  Civ. P. 8(a)(1)-(2) (requiring a pleading to contain "a short and plain statement of the

20  grounds for the court's jurisdiction" and "a short and plain statement of the claim

21  showing that the pleader is entitled to relief").

22  //

Though difficult to discern, the handwritten complaint appears to seek an increase in Supplemental Nutrition Assistance Program ("SNAP") benefits.  (*See* Am. Compl. at 3, 5.)  SNAP, previously known as the Food Stamp Program, is a federal benefits program that enables qualified households to purchase food items at participating stores. *See* 7 U.S.C. §§ 2011, 2013(a).  At the federal level, SNAP is administered by the United States Department of Agriculture.  *See* 7 C.F.R. § 271.2.  "The federal government provides complete funding to states for all benefits," and "each state must designate an agency responsible for administering SNAP and ensuring federal compliance."  *Brooks v. Roberts*, 251 F. Supp. 3d 401, 410 (N.D.N.Y. 2017); *see also* 7 U.S.C. § 2020.  In Washington, the Economic Services Administration of the Washington State Department of Social and Health Services administers SNAP, known in this state as the "Basic Food" program.  *See Basic Food*, Washington State Department of Social and Health Services, https://www.dshs.wa.gov/esa/community-services-offices/basic-food (last visited December 4, 2023).  Generally, eligible Washington residents can apply for Basic Food benefits online or by phone.  *See id.*

Ms. Bridgewater's complaint names various individuals and entities that appear to be associated with Washington's Basic Food program.  (Am. Compl. at 2-3.)  But even under a liberal construction, the complaint is wholly devoid of factual allegations supporting Ms. Bridgewater's claims or tying those claims to any specific defendant.  (*See generally id.*)  Moreover, the complaint fails to identify any legal basis for the requested relief.  (*See generally id.*)  The court is unaware of any federal or state statute or other provision of law creating a private cause of action that enables individuals to

1   seek an increase in SNAP benefits by filing a lawsuit.  Ms. Bridgewater has failed to

2   articulate a cognizable legal theory and has similarly failed to plead sufficient facts in

3   support of a cognizable legal theory.  *See Balistreri*, 901 F.2d at 699.  Accordingly, the

4   court DISMISSES Ms. Bridgewater's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

5       When a court dismisses a *pro se* plaintiff's complaint, it must give the plaintiff

6   leave to amend "[u]nless it is absolutely clear that no amendment can cure the defect" in

7   the complaint.  *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).  In light of the

8   Ninth Circuit's liberal policy favoring amendment, the court GRANTS Ms. Bridgewater

9   leave to file an amended complaint.  If she does so, she must articulate both the legal and

10  factual basis supporting her claims.  Ms. Bridgewater shall file her amended complaint, if

11  any, no later than **December 26, 2023**.  If Ms. Bridgewater fails to timely comply with

12  this order or fails to file an amended complaint that remedies the deficiencies discussed in

13  this order, the court will dismiss this case with prejudice.

14      Dated this 5th day of December, 2023.

15

16  JAMES L. ROBART
    United States District Judge

17

18

19

20

21

22

ORDER - 4